**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Janice Makuchan,<br><br>  Plaintiff,<br><br>vs.<br><br>Jo Anne B. Barnhart, Commissioner of Social Security Administration,<br><br>  Defendant. | No. CV-04-2569-PHX-DGC<br><br>**ORDER** |

Pending before the Court are Plaintiff's motion for summary judgment and Defendant's cross-motion for summary judgment. Docs. ##10, 12. The parties have filed responses to the motions. Docs. ##11, 15. For the reasons set forth below, the Court will deny Plaintiff's motion and grant Defendant's cross-motion.

**I.  Background**

Plaintiff applied for disability insurance benefits on March 7, 2002, claiming an inability to work since January 2, 1996, due to ulcerative colitis, irritable bowel disease, and Crohn's disease. Doc. #6A, Tr. 77-79, 85. The applications were denied initially and on reconsideration. Tr. 57-60, 63-66. A hearing before an Administrative Law Judge ("ALJ") was held on May 12, 2003. Tr. 28-54. The ALJ issued a written decision on June 23, 2003, finding that Plaintiff was not disabled within the meaning of the Social Security Act prior to her date last insured, December 31, 1996. Tr. 20-23. This decision became Defendant's final decision when the Appeals Council denied review on September 24, 2004. Tr. 8-11. Plaintiff then commenced this action for judicial review pursuant to 42 U.S.C. § 405(g).

1  Doc. #1.

2  **II.    Standard of Review.**

3      Defendant's decision to deny benefits will be vacated "only if it is not supported by substantial evidence or is based on legal error." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989); *see* 42 U.S.C. § 405(g). Substantial evidence is more than a mere scintilla, but less than a preponderance. *See Reddick v. Charter*, 157 F.3d 715, 720 (9th Cir. 1998). Put another way, substantial evidence is relevant evidence that, when considered in light of the entire record, a reasonable person might accept as adequate to support the decision. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). In determining whether the decision is supported by substantial evidence, the Court must consider the record as a whole, weighing both the evidence that supports the decision and the evidence that detracts from it. *See Reddick*, 157 F.3d at 720.

**III.   Analysis.**

    The ALJ found that between January 2, 1996, the alleged disability onset date, and December 31, 1996, the date last insured, Plaintiff had the following impairments: dyshidrosis, anemia, probable protein and vitamin deficiency, suspected food allergies, hypersensitivity, hair loss, a high grade cervical lesion, and varicose veins. Tr. 20-21, 23 ¶ 3. The ALJ determined that these impairments, both singly and in combination, were not severe. Tr. 20, 23 ¶¶ 3-5. The ALJ thus concluded that Plaintiff was not disabled within the meaning of the Social Security Act. Tr. 23 ¶ 6.

    Plaintiff argues that the ALJ erred because he failed to call a medical expert at the hearing. Doc. #10 at 1-2. Defendant argues that the ALJ's decision is supported by substantial evidence and that the ALJ was not required to call a medical expert. Doc. #12 at 2-5.

**A.    Is the ALJ's Decision Supported by Substantial Evidence?**

    The ALJ set forth in his written decision a thorough summary of the relevant medical evidence. Tr. 21-22. The ALJ found that Plaintiff's impairments led only to a periodic decrease in energy and did not significantly limit her ability to do basic work activities.

- 2 -

1  Tr. at 21.  With respect to Plaintiff's allegations of ulcerative colitis, irritable bowel disease,
2  and Crohn's disease, the ALJ found that there was no evidence that Plaintiff had any
3  significant symptoms of, or received treatment for, these conditions during 1996.  Tr. 21-22.
4  The ALJ found Plaintiff's testimony regarding the severity of her impairments and alleged
5  conditions not entirely credible.  Tr. 21-22.  The ALJ concluded that there was "a lack of
6  objective medical evidence demonstrating significant functional limitations due to any
7  medical condition that would have been sufficient enough to limit [Plaintiff's] ability to
8  engage in basic work-related activity during [the relevant] period of time."  Tr. 22.

9  "An impairment or combination of impairments is not severe if it does not
10 significantly limit [the claimant's] physical or mental ability to do basic work activities."
11 20 C.F.R. § 404.1521(a).  Basic work activities include such things as seeing, hearing,
12 speaking, sitting, standing, walking, lifting, using judgment, and understanding, carrying out,
13 and remembering simple instructions.  20 C.F.R. § 404.1521(b)(1)-(4).

14 In this case, there was no indication from any treating or examining physician that
15 Plaintiff had significant limitations in her ability to do basic work activities.  *See* Tr. 21.[1]
16 Non-examining physicians opined that the medical evidence did not show that Plaintiff had
17 any functional limitations prior to her date last insured.  Tr. 220-23, 333-34.  These opinions
18 alone constitute substantial evidence supporting the ALJ's decision because they are
19 consistent with other evidence in the record.  *See Magallanes*, 881 F.2d at 752 ("[T]he
20 reports of consultive physicians . . . may serve as substantial evidence."); *Morgan*, 169 F.3d
21 at 600 ("Opinions of a nonexamining, testifying medical advisor may serve as substantial
22 evidence when they are supported by other evidence in the record and are consistent with
23 it."); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("The opinions of non-treating
24 or non-examining physicians may . . . serve as substantial evidence when the opinions are
25 consistent with independent clinical findings or other evidence in the record."); *see also*
26 20 C.F.R. § 404.1527(f) (stating that the opinions of non-examining physicians constitute

---

28  [1]One of Plaintiff's treating physician, Dr. Venkatesh, opined in August 2002 that Plaintiff had no restrictions in her ability to perform basic work activities.  Tr. 335-36.

1 medical evidence). Moreover, as of December 6, 1996, Plaintiff's energy was better, her hair growth had returned to normal, and her nutrition had improved. Tr. 250. Having considered the record as a whole, the Court concludes that substantial evidence supports the ALJ's determination that Plaintiff's impairments were not severe during the relevant period. *See Crane v. Shalala*, 76 F.3d 251, 254 (9th Cir. 1996) ("Because a reasonable mind could conclude on the basis of the evidence of record that Crane was not disabled, we find that substantial evidence supports the ALJ's findings.").[2]

The ALJ's credibility finding also is supported by substantial evidence. Plaintiff reported in April 1996 that she exercised 40 minutes a day and has always been an exerciser. Tr. 270. Plaintiff reported in May 1996 that during the day she read, watched television, and spent much of her time taking care of the household, which she enjoyed doing. Tr. 132-33. The ALJ acted within his discretion in concluding that these activities are not those of an individual with severe medical impairments. *See Magallanes*, 881 F.2d at 750 ("The ALJ is responsible for determining credibility and resolving conflicts in medical testimony."); *Morgan*, 169 F.3d at 600 (affirming the ALJ's credibility analysis where the ALJ "determined that Morgan's ability to fix meals [and] do laundry . . . served as evidence of Morgan's ability to work"); *Thomas*, 278 F.3d at 958-59 (holding that the ALJ gave clear and convincing reasons for rejecting the plaintiff's testimony of severe impairments where the plaintiff was able to perform various household chores); *Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir. 1995) ("The ALJ's statement of specific reasons for discrediting Orteza's complaints of pain and fatigue is sufficient. An ALJ is clearly allowed to consider the ability to perform household chores[.]"); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001)

---

[2]The Court notes that medical records dated May 14, 1996 indicate that Plaintiff had a tiny rectal fissure, some blood in her stool after she started taking iron supplements, and small internal hemorrhoids. Plaintiff was instructed to use Anusol for two weeks and to include more protein and natural iron in her diet rather than taking over-the-counter iron supplements. Tr. 263-64. To the extent these conditions are symptoms of ulcerative colitis, irritable bowel disease, or Crohn's disease, there is no evidence in the record showing that the conditions significantly limited Plaintiff's ability to perform basic work activities during the relevant period.

1 (affirming the ALJ's credibility analysis where the ALJ "pointed out ways in which Rollins' claim to have totally disabling pain was undermined by her own testimony about her daily activities, such as . . . housekeeping"); *see also* 20 C.F.R. § 404.1529(c)(3) (stating that an ALJ may consider a claimant's daily activities in evaluating symptoms and pain).

With respect to Plaintiff's testimony that she was housebound due to her need to use the bathroom frequently, the ALJ stated at the hearing that he had reviewed Plaintiff's medical records "over and over again" and that there was "nothing in [t]here about going to the bathroom." Tr. 48. Plaintiff stated that she had told her doctor that she "was running to the restroom all the time." Tr. 49. The relevant medical records, however, do not document any such problem. Rather, the records show that Plaintiff chiefly complained about rashes, anemia, hair loss, and cervical problems. Tr. 250-87. Moreover, in July 1998, Plaintiff denied any history of colorectal problems or significant change in bowel habits. Tr. 173.

Because the ALJ's decision is supported by substantial evidence, this Court "may not engage in second-guessing." *Thomas*, 278 F.3d at 959; *see Young v. Sullivan*, 911 F.2d 180, 184 (9th Cir. 1990) ("Neither the district court nor this court can substitute its own determination of what the evidence shows for the ALJ's if there is sufficient evidence to support the ALJ's outcome."); 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]"). The Court will grant summary judgment in Defendant's favor with respect this issue.[3]

**B.    Was the ALJ Required to Call a Medical Expert?**

Plaintiff claims that the ALJ erred by not calling a medical expert at the hearing, arguing that a gastroenterologist or Crohn's disease specialist would have linked her symptoms to Crohn's disease. Docs. ##10 at 1-2, 15 at 3, 37-38. An ALJ must call a

---

[3]Although not cited by the parties, a case recently decided by the Ninth Circuit notes that an ALJ's determination that impairments are not medically severe must be supported by "substantial evidence to find that the medical evidence clearly established that [Plaintiff] did not have a medically sever impairment of combination of impairments." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). The Court concludes that evidence before the ALJ in Plaintiff's case satisfies this standard.

medical expert where the record is ambiguous as to the onset date of a claimant's disability and medical inferences must be drawn. *See Armstrong v. Comm'r of Soc. Sec. Admin.*, 160 F.3d 587, 590 (9th Cir. 1998). In this case, substantial evidence supports the finding that Plaintiff was not disabled during the relevant time period and the ALJ was not required to call a medical expert to establish an onset date. *See Crane*, 76 F.3d at 255 ("Because the ALJ found that Crane could have returned to prior work and was not disabled, the judge needed no medical expert to determine the onset date of the alleged disability."). The Court will grant summary judgment in Defendant's favor with respect this issue.

### C. Conclusion.

Because the decision to deny Plaintiff's application for disability insurance benefits is supported by substantial evidence and is not based on legal error, the Court will affirm the decision. *See* 42 U.S.C. § 405(g); *Magallanes*, 881 F.2d at 750; *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989) ("We affirm a denial of benefits when the Secretary's decision is supported by substantial evidence and is free from legal error.").

**IT IS ORDERED:**

1. Plaintiff's motion for summary judgment (Doc. #10) is **denied**.

2. Defendant's cross-motion for summary judgment (Doc. #12) is **granted**.

3. Defendant's decision denying Plaintiff disability insurance benefits is **affirmed**.

4. The Clerk shall **terminate** this action.

DATED this 11th day of July, 2006.

_David G. Campbell_
David G. Campbell
United States District Judge